IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GEORGE ESTLE DUNN,**

        **Petitioner,**

v.                                                         **Civil Action No. 5:08cv135**
                                                           **(Judge Stamp)**

**UNITED STATES,**

        **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

On August 26, 2008, the *pro se* petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. The petitioner is an inmate at the Federal Correctional Institution in Morgantown, West Virginia, challenging the validity of a sentence imposed in the United States District Court for the Western District of Virginia. The petitioner is currently serving a term of imprisonment of 120 months for conspiracy to distribute marijuana and possession of a firearm in furtherance of a drug trafficking crime. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

### I. Analysis

In the petition, the petitioner attacks the validity of his sentence rather than the means of execution.[1] The petitioner has NOT applied for relief under 28 U.S.C. § 2255 in the sentencing Court. See United States v. Dunn, 1:06cr34-1 (W.D.Va. Dec. 13, 2006). Thus, it is clear that the petitioner is now pursuing relief in this court under § 2241 because filing a motion under § 2255 in

---

[1] Specifically, the petitioner alleges that the mere possession of a firearm is not a sufficient basis for his firearm conviction. The petitioner also asserts that he has a constitutional right to bear arms.

the sentencing court would be barred as untimely. See 28 U.S.C. § 2255. However, under these circumstances, petitioner is expressly precluded by § 2255 from pursuing any relief under § 2241. Section 2255 states that an application such as the petitioner's "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief..."

Petitioner seeks to avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Further, the Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the court concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

Upon a review of the petition, the undersigned finds that the claims raised in the petition should have been raised either on appeal or in a § 2255 motion. Moreover, there is nothing in the petitioner's § 2241 petition which demonstrates that he meets the Jones requirements. Consequently,

2

the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy, and he has improperly filed a § 2241 petition.

## II. Recommendation

Based on the foregoing, the undersigned recommends that the petitioner's § 2241 petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985): Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: November 18, 2006.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE