IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GEORGE ESTLE DUNN,

  Petitioner,

v.              Civil Action No. 5:08CV135
                    (STAMP)
WARDEN WAYNE PHILLIPS,

  Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

On August 26, 2008, George Estle Dunn, an inmate at the Federal Correctional Institution in Morgantown, West Virginia, filed a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner challenges the validity of a sentence imposed upon him in the United States District Court for the Western District of Virginia. This matter was referred to United States Magistrate Judge John S. Kaull for report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09.

The magistrate judge entered a report on November 18, 2008, recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge advised the parties

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation.  To date, no objections have been filed.  For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge must be affirmed and adopted in its entirety, and the petitioner's § 2241 petition must be denied and dismissed with prejudice.

## II. Facts

The petitioner was sentenced to a 120-month period of imprisonment for conspiracy to distribute marijuana and for possession of a firearm in furtherance of a drug trafficking crime.  The petitioner challenges his sentence, arguing that the mere presence of a firearm where a criminal act occurs is not a sufficient basis for imposing a mandatory sentence.  The petitioner also asserts that he has a constitutional right to bear arms.

The magistrate judge found that § 2441 is an improper vehicle for the petitioner's claims because the petitioner attacks the validity of his sentence rather than the means of execution, and such challenges must be brought pursuant to 28 U.S.C. § 2255.  Further, the magistrate judge found that the petitioner cannot rely upon the "savings clause" in § 2255 which permits certain claims to be brought under § 2441 because the petitioner has failed to

demonstrate that 28 U.S.C. § 2255 afforded an inadequate or ineffective remedy.

## III. Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner did not file objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

## IV. Discussion

Having reviewed the magistrate judge's report and recommendation for clear error, and finding none, this Court agrees that the petitioner improperly challenges his sentence under § 2241 and that he has failed to demonstrate that 28 U.S.C. § 2255 affords an inadequate or ineffective remedy. A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by § 2255 is not rendered

3

inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F.3d at 1194 n.5 (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328 (4th Cir. 2000).

In this case, the petitioner has failed to establish the elements required by Jones. On December 12, 2006, the petitioner was sentenced in the United States District Court for the Western District of Virginia to 120 months of imprisonment after pleading guilty to conspiracy to distribute marijuana and to possession of a firearm in furtherance of a drug trafficking crime. The petitioner did not file an appeal, nor did he file a motion in the sentencing court pursuant to 28 U.S.C. § 2255. The claims the petitioner asserts in the § 2241 petition before this Court should have been raised either on appeal or in a § 2255 petition, and nothing in his petition demonstrates that he meets the Jones

4

requirements. Therefore, the petitioner has failed to demonstrate a right to proceed under § 2241. Accordingly, the petitioner's § 2241 petition must be denied.

## V. Conclusion

This Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge in its entirety. Accordingly, the petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   March 2, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE